UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES D. THEROS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> US BANK NATIONAL ASSOCIATION, et al., <br><br> Defendants. | CASE NO. C18-5142 BHS <br><br> ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiffs James D. Theros's and Suzanne Theros's ("Plaintiffs") motion to remand. Dkt. 14. In summary, Plaintiffs seek remand on the basis that no federal jurisdiction exists because Defendant Quality Loan Service Corporation of Washington ("QLS") is a resident of Washington and an indispensable party to this action. *Id.* Defendant U.S. Bank National Association as Trustee for NRZ Pass-Through Trust IV ("Defendant") opposes the motion. Dkt. 16. Defendant argues that remand is improper because QLS is a nominal defendant. *See* Dkt. 16.

The strong presumption against removal means that the defendant has the burden of establishing, by a preponderance of the evidence, that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1441(a) allows a defendant to remove a case from a state court to a federal district court so long as the district court has "original jurisdiction." In turn, 28 U.S.C. § 1332(a)(1) grants subject matter jurisdiction to this Court when there is diversity of citizenship of parties, and the amount in controversy exceeds $75,000. The parties do not dispute that the amount in controversy is satisfied in this matter.

At issue is whether QLS is a "nominal party" in this action. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). District courts will likewise ignore the citizenship "of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal citations and quotation marks omitted). "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined merely as a means of facilitating collection." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). If QLS is a nominal party, then diversity of parties exists and the Court has jurisdiction over this matter. If not, then the Court must remand.

Plaintiffs' complaint makes four factual allegations against QLS: (1) QLS is a Washington entity who was appointed successor trustee (Dkt. 2 at 2); (2) QLS provided Plaintiffs with a tracking form in regards to Plaintiffs' letter in response to a notice of

pre-foreclosure options ("NOPFO") (*id*. at 5); (3) QLS informed Plaintiffs that it was proceeding with foreclosure notwithstanding an allegedly timely response to the NOPFO (*id.*); and (4) QLS failed to meet and confer with Plaintiffs in regards to the NOPFO (*id.* at 6). Plaintiff's claim that QLS's failure to meet and confer violated Washington's Deeds of Trust Act ("DTA") and Consumer Protection Act ("CPA"). *Id.* at 6–7. The fact that the complaint contains substantive allegations against QLS strongly suggests that QLS is not a nominal party.

Notwithstanding these claims against QLS, Defendant rests its argument in favor of diversity jurisdiction on a pre-removal filing in state court titled "Stipulation of Nonparticipation as to Quality Loan Service Corporation of Washington." *See* Dkt. 1-2. The stipulation states:

> Plaintiffs agree that Quality has been named in the above-entitled action solely in its capacity as Trustee under the Deed of Trust. Plaintiffs are not and shall not be seeking any monetary damages against Quality. Plaintiffs agree that Quality shall not be required to participate in the litigation proceedings in any manner, except as provided below. Accordingly, Quality shall not be required to file any responses, attend any hearings, mediations, trial, or settlement conferences, or respond in any other way to the litigation except as set forth below.

Dkt. 1-2 at 2. The stipulation then continues to explain that QLS agrees to be bound by any order other than a monetary judgment, that QLS will take no position as to Plaintiffs' attempts to restrain the foreclosure, and that QLS will still respond to any reasonable discovery requests. *Id.*

In similar previous cases, courts have reached mixed results in determining whether such a "stipulation of nonparticipation" renders QLS a nominal party. Courts

finding that QLS is a nominal party have relied upon stipulation's language that "[QLS] has been named in the above-entitled actions solely in its capacity as Trustee under the deed of Trust." *Adrain v. Wells Fargo Bank, N.A.*, 2:16-CV-00142-SAB, 2016 WL 4059231, at *1 (E.D. Wash. July 27, 2016)[1]; *Renfroe v. Quality Loan Serv. Corp. of Washington*, 2:17-CV-00194-SMJ, 2017 WL 3317299, at *2–*3 (E.D. Wash. Aug. 3, 2017). On the other hand, this district has refused to find that QLS is a nominal party, notwithstanding a pre-removal stipulation of nonparticipation of QLS, when (1) the complaint contained substantive allegations against QLS, (2) post-removal filings indicated that the plaintiff was indeed seeking monetary damages against QLS, and (3) the question of whether QLS had violated the CPA was unresolved. *See Choi v. Quality Loan Serv. Corp.*, C16-1745JLR, 2017 WL 659966, at *1–2 (W.D. Wash. Feb. 14, 2017).

In this case, the Court agrees with the result reached by Judge Robart in *Choi*, 2017 WL 659966, at *2, although the Court will offer further explanation for its decision. The operative complaint plainly asserts substantive monetary claims against QLS for an

---

[1] It should be noted that in *Adrain*, the district court also disregarded the substantive nature of plaintiff's DTA and CPA claims against QLS by relying in part on RCW 61.24.010(3) for the premise that QLS, as trustee to a deed of trust, owes no fiduciary duty to a person with interest in the subject property. *See Adrain*, 2016 WL 4059231 at *1 (citing RCW 61.24.010(3)). However, this decision fails to account for the fact that the RCW 61.24.010 was amended in 2009 to expressly impose on trustees under a deed of trust a duty of good faith to the borrower. RCW 61.24.010(4). *See also Blair v. Nw. Tr. Servs., Inc.*, 193 Wn. App. 18, 34 (2016), *as amended on denial of reconsideration* (May 12, 2016), *review denied sub nom. Blair v. Nw. Tr. Servs.*, 186 Wn.2d 1019 (2016) ("A foreclosure trustee must "adequately inform" itself regarding the purported beneficiary's right to foreclose, including, at a minimum, a 'cursory investigation' to adhere to its duty of good faith.") (quotation omitted). Therefore, the Court will not adopt the same line of reasoning in order to disregard the complaint's asserted claims against QLS as fraudulently joined.

alleged violation of the CPA. As in *Choi*, Plaintiffs' post-removal filings have indicated that Plaintiffs persist in asserting their monetary claims against QLS, notwithstanding the pre-removal "stipulation of nonparticipation." These facts highlight the peculiar nature of Plaintiffs' and QLS's stipulation. Under the language of the stipulation, the terms are conditional. For instance, the stipulation of nonparticipation states that QLS may oppose any monetary relief awarded pursuant to Plaintiffs' claims. Dkt. 1-2 at 2. Additionally, QLS's stipulation not to oppose a restraint on the foreclosure sale is valid only "so long as the basis for the injunction sought is not based on the actions of the Trustee." *Id.* These conditional terms seem to necessarily imply that Plaintiffs may still (1) withdraw from the stipulation and assert monetary claims against QLS for breach of good faith under the DTA that violates the CPA, and (2) assert that that the foreclosure sale must be enjoined because of QLS's actions in proceeding with the sale despite Plaintiffs' timely response to the NOPFO. Accordingly, it appears that the stipulation has no real binding effect, instead, it merely provides the Court with an explanation as to QLS's relative silence and states that QLS will be a good trustee and do what the court tells it to do, which it would be legally obligated to do regardless. What the stipulation certainly fails to do, is articulate that the parties have reached a binding partial settlement whereby QLS obtained an express release or dismissal of Plaintiffs' monetary claims against it. In short, if Plaintiff's plainly alleged monetary claims against QLS have not been settled or otherwise dismissed, the Court cannot overlook those claims and find that QLS is a nominal party.

Because the defendant has failed to carry its burden and establish that QLS is a nominal party or that the claims against QLS were fraudulently joined, Plaintiffs' motion to remand (Dkt. 14) is **GRANTED** and this matter is **REMANDED** to the Kitsap County Superior Court.

**IT IS SO ORDERED**.

Dated this 31st day of May, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge